IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Travis Lavon Cherry, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15cv1588 (TSE/MSN) |
| | ) | |
| Wyne Greer, et al., | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

Travis Lavon Cherry, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that he was discriminated against by staff at his former place of incarceration, Accomack County Jail ("Accomack"). Soon after filing his initial complaint in Case No. 1:15cv1588, plaintiff filed a similar action, and his two complaints were consolidated. Plaintiff was given the opportunity to file one particularized and amended consolidated complaint in Case No. 1:15cv1588. Dkt. No. 7. Plaintiff complied by filing the operative amended complaint. Dkt. No. 11. Then, on March 2, 2016, plaintiff filed a third complaint, and on March 31, 2016, plaintiff's third complaint was consolidated with the instant case. Dkt. No. 15. In addition to filing several complaints, plaintiff has submitted an affidavit to proceed in forma pauperis in this action. For the reasons that follow, plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.[1]

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

## I. Background

Despite directing plaintiff to clarify his claims against all the named defendants and giving him ample time and direction in order to do so, plaintiff's allegations remain difficult to follow. In the operative particularized and amended complaint, it appears that plaintiff alleges that Deputy Levy Higgins touched plaintiff's "private part on Aug. 13" and that Deputy Higgins then made embarrassing sexual comments about plaintiff "in front of other inmates stateing [sic] ... Cherry you have the smallest penus [sic]." Dkt. No. 11 at 4. Plaintiff also alleges that Deputy Higgins called him a "monkey" and stated that "monkeys belong in a cage." Id. As a result, plaintiff claims that he has "been going through physical and emotional stress and pain by the other inmates calling [him] gay and saying that [he has] a small (dick)." Id. Plaintiff asserts that Deputy Higgin's actions toward him constitute unconstitutional discrimination. Id.

Although plaintiff mentioned slow and inadequate medical treatment in a previously filed original complaint, he has not made any claim about his medical treatment in the operative particularized and amended complaint. After initial review of his original complaint filed on November 24, 2015 in Case No. 1:15cv1588, based on plaintiff's illegible handwriting and conclusory and disjointed allegations, plaintiff was directed to provide additional information about his medical claims. Dkt. No. 2 at 3. Plaintiff responded by filing an amended complaint; however, he did not include any details about his medical treatment at Accomack.

Plaintiff additionally submitted a third complaint on March 2, 2016, which was docketed as Case No. 1:16cv223 (TSE/TCB). That case was consolidated with the instant case, Case No. 1:15cv1588 (TSE/MSN). Dkt. No. 15. In that complaint, plaintiff appears to allege that Sheriff Robert McCabe was aware of the "harm and sexual assaults" that were affecting plaintiff at

---

(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

Accomack. Dkt. No. 16 at 4. Plaintiff alleges that he should be "entitled to equal protection," and that Sheriff McCabe should "remove [him] from this jail for the safety of [his] life." Id. Plaintiff specifically claims that McCabe is "aware of the civil and criminal complaints [plaintiff has] filed against the deputies" and that McCabe have him transferred to "Norfolk City Jail."[2] Id. at 4, 6. Plaintiff asserts that "there [sic] not agreeing to move me this clearly violated my fourteenth amendments to equal protection." Id. at 6.

Plaintiff filed three original complaints prior to the end of March 2016, and those cases have all been consolidated. See Dkt. No. 7, 15. Plaintiff has named Deputy Higgins, Lieutenant Wyne Greer, Sergeant Veronica Simpkins, Sheriff Todd Godwin, and Sheriff Robert McCabe as defendants in this consolidated case, and he seeks monetary and injunctive relief.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). To survive a 12(b)(6) motion, and thus state a claim under § 1915A(b)(1), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. Although the facts should be construed in plaintiff's favor, Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, Iqbal,

---

[2] Plaintiff has since been transferred to Powhatan Correctional Center in State Farm, Virginia.

3

556 U.S. at 678, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Mindful of the duty to construe complaints filed by pro se litigants liberally, a pro se complaint should not be dismissed under this standard unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972) (per curiam).

### III. Analysis

Plaintiff's complaint must be dismissed because he has not provided any facts which, taken as true, establish his right to relief.

**A. Plaintiff's Claims Against Lieutenant Wyne Greer, Sergeant Veronica Simpkins, Sheriff Todd Godwin Must Be Dismissed**

Plaintiff has not alleged any facts regarding defendants, Lieutenant Wyne Greer, Sergeant Veronica Simpkins, and Sheriff Todd Godwin. In an Order dated January 28, 2016, plaintiff was given an opportunity to file one consolidated particularized and amended complaint in which he was instructed to include "sufficient factual matter" related to each named defendant in order to "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (2009) (internal citations omitted); see also Dkt. No. 7. Plaintiff was also advised that "[e]ach named defendant in a § 1983 action must have had personal knowledge of and invovlment in the alleged violations of plaintiff's constitutional rights in order for the action to proceed against him." Dkt. No. 7 at 2. Because plaintiff has not provided any facts or allegations about Leitenant Wyne Greer, Seargent Veronica Simpkins, or Sheriff Todd Godwin, his claims against those three particular defendants must be dismissed.

### B. Defendants Deputy Higgins and Sheriff McCabe Did Not Expose Plaintiff to Cruel and Unusual Punishment

Construed liberally, it appears that plaintiff alleges that the actions of the named defendants in mocking him constitute cruel and unusual punishment. However, it is well-settled that allegations of verbal abuse and threatening language, standing alone, do not state a claim for relief under § 1983. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979); Moody v. Grove, No. 89-6650, 885 F.2d 865 (4th Cir. Sept. 19, 1989) ("Verbal abuse alone does not violate a constitutional right."). The mere fact that state officials commit a tort, such as sexual harassment, does not automatically render that tort cognizable under §1983. See Pittsley v. Warish, 927 F.3d 3, 7 (1st Cir. 1991), abrogated on other grounds by Cnty. of Sacramento v. Lewis, 523 U.S. 833 (1998). Although officials can violate the Eighth Amendment by combining verbal abuse or harassment an apparent physical threat to harm plaintiff, see Hudspeth v. Figgins, 548 F.2d 1345, 1348 (4th Cir. 1978); De'Lonta v. Fulmore, 745 F. Supp. 2d 687, 691 (E.D. Va. 2010), plaintiff's allegations of discrimination and verbal abuse are insufficient to state a claim for relief. As there are no facts plaintiff could offer which would entitle him to relief, his claims against Sheriff McCabe and Deputy Higgins must therefore be dismissed, with prejudice.

### C. Defendants Deputy Higgins and Sheriff McCabe Did Not Violate Plaintiff's Equal Protection Rights

Plaintiff asserts that by publically taunting him, Deputy Higgins violated his Equal Protection rights. Likewise, plaintiff claims that Sheriff McCabe violated his Equal Protection rights by refusing to transfer plaintiff to another facility.[3] The Equal Protection Clause of the Fourteenth Amendment protects against arbitrary classifications by state actors and ensures that all similarly situated individuals will be treated in the same way. U.S. Const. amend. XIV. To succeed on an equal protection claim, a plaintiff must show that (1) he was treated differently

---

[3] As stated above, plaintiff has since been transferred to another facility.

from others (2) who were similarly situated and (3) that this unequal treatment was the result of intentional or purposeful discrimination. See Plyer v. Doe, 457 U.S. 202 (1982); Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Plaintiff has made conclusory statements that he has been treated differently than other inmates, but he has not provided any facts to support this contention. Thus, he has failed to state a claim against any named defendant for a violation of his Equal Protection rights.

## IV. Conclusion

Plaintiff's claims against the named defendants must be dismissed pursuant to § 1915A(b)(1) for failure to state a claim. An appropriate Order shall issue.

Entered this 7th day of June 2016.

Alexandria, Virginia

/s/ T. S. Ellis, III
United States District Judge